**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frederick Lawrence SNYDER, Jr., a.k.a. William Ball, Defendant–Appellant.**

**No. 05–10053
Non–Argument Calendar.
D.C. Docket No. 03–00223–CR–J–12TEM.**

United States Court of Appeals, Eleventh Circuit.

Sept. 15, 2005.

---

Header with page number at top right.

Peggy Morris Ronca, Jacksonville, FL, for Plaintiff–Appellee.

Oliver David Barksdale, Jacksonville, FL, for Defendant–Appellant.

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Frederick Lawrence Snyder pleaded guilty to manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. § 841. The government gave notice that Snyder was subject to an enhanced ten-year mandatory minimum sentence under 21 U.S.C. § 851 based on his prior conviction for possession of cocaine. 21 U.S.C. §§ 841(b)(1), 851. Snyder challenged the enhanced mandatory minimum, alleging that § 851 violated the Sixth Amendment in light of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

At sentencing, the court determined that *Blakely* did not require the government to plead prior convictions in the indictment or prove them to a jury, and sentenced Snyder to 120 months imprisonment.

On appeal, Snyder challenges the use of his prior conviction to enhance his sentence, and he questions the continued validity of *Almendarez–Torres.* He concedes, however, that this court has rejected his argument.

In *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),[1] the Supreme Court held that *Blakely* applied to the federal sentencing guidelines and that in a mandatory guidelines regime, the Sixth Amendment required that any fact that increased a defendant's sentence beyond the maximum sentence authorized by the facts established by a plea or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt. 125 S.Ct. 738, 160 L.Ed.2d 621.

Because Snyder preserved his *Booker* challenge in the district court, we review the sentences de novo. *United States v. Paz,* 405 F.3d 946, 948 (11th Cir.2005). The constitutionality of a statute is a question of law that we also review de novo. *United States v. Jackson,* 111 F.3d 101, 101 (11th Cir.1997).

We conclude that there is no merit to Snyder's argument. An enhancement based on a prior conviction, even if not admitted by the defendant or proved to a

1. This court now reviews *Blakley* arguments under *Booker.*

jury, does not represent a constitutional *Booker* error. *United States v. Orduno–Mireles,* 405 F.3d 960, 962–63 (11th Cir. 2005); *United States v. Camacho–Ibarquen,* 404 F.3d 1283, 1290 (11th Cir.2005). The Supreme Court's decision in *Shepard v. United States,* —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), does not alter this conclusion. *United States v. Gallegos–Aguero,* 409 F.3d 1274, 1276–77 (11th Cir.2005); *Camacho–Ibarquen,* 404 F.3d at 1290 n. 3. Moreover, *Booker* had no effect on the validity of mandatory minimum sentences. *United States v. Shelton,* 400 F.3d 1325, 1333 n. 10 (11th Cir.2005). Accordingly, we AFFIRM the sentence imposed.